

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2005

# USA v. Austin

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2659

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Austin" (2005). *2005 Decisions.* Paper 1371.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1371

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2659

UNITED STATES OF AMERICA

v.

TAIWAN AUSTIN,
                                    Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 01-cr-00291-1
(Honorable William W. Caldwell)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2004

Before:  SCIRICA, *Chief Judge*, FISHER and BECKER, *Circuit Judges*

(Filed: April 13, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

        Appellant Taiwan Austin pled guilty to unlawful possession of cocaine base with

intent to distribute in violation of 21 U.S.C. § 841(a)(1).  The District Court sentenced

Austin to 240 months in prison, three years supervised release, a $2000 fine, and a $100 special assessment. He does not contest his conviction or guilty plea.

Austin challenges his sentence under *United States v. Booker*, 543 U.S. - -, 125 S. Ct. 738 (2005).[1] Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.

---

[1]We note that the government does not object to Austin's request for resentencing. *See* Gov't's Letter of March 3, 2005 ("it would seem appropriate in this case that the district court, in light of *Booker*, be permitted to revisit the question of what would be an appropriate sentence to impose").